CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 18 2007

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CLARENCE E. SOUTHERS, | |
| Petitioner, | Civil Action No. 7:07-cv-00349 |
| v. | **MEMORANDUM OPINION** |
| "COMMONWEALTH OF BRISTOL VIRGINIA," | By: Samuel G. Wilson |
| Respondent. | United States District Judge |

Petitioner Clarence E. Southers, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Southers is challenging the January 20, 2006 revocation of a previously suspended sentence imposed by the Bristol Circuit Court. As grounds for relief, Southers alleges that counsel provided ineffective assistance and that the Commonwealth breached the plea agreement. The court finds that Southers has failed to exhaust his available state court remedies and, therefore, dismisses his petition without prejudice.

I.

On June 21, 2004, Southers pled guilty, pursuant to a written plea agreement, to two counts each of grand larceny and breaking and entering. The Bristol Circuit Court sentenced him to a total of 20 years incarceration, with all but 2 years and 9 months suspended. On January 20, 2006, the Circuit Court found Southers in violation of his probation and ordered him to serve the remaining balance of the 2004 sentence. Southers claims that he appealed the revocation of his suspended sentence to the Virginia Court of Appeals on August 28, 2006, but states that his appeal was denied as untimely filed. Southers concedes that he did not pursue his claims in a state habeas proceeding.

II.

A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must

dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). In Virginia, a non-death row felon ultimately must present his claim to the Supreme Court of Virginia and receive a ruling from that court, before a federal district court may consider his claims. See Va. Code § 8.01-654. In this case, Southers concedes that he has not presented his claims to the Supreme Court of Virginia as required. Accordingly, the court dismisses Southers' petition without prejudice for failure to exhaust state court remedies.

### III.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the petitioner.

ENTER: This 18th day of July, 2007.

United States District Judge